**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CHARLES ASHFORD**  **PLAINTIFF**
**ADC #133975**

V.                 CASE NO.: 5:09CV00097 SWW/BD

**GRANT HARRIS,** *et al.*                **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background:

Plaintiff, an inmate at the Varner Super Max Unit ("VSM") of the Arkansas Department of Correction ("ADC") filed this action pro se under 42 U.S.C. § 1983. (Docket entry #2)  In his Complaint, Plaintiff alleges that he has not been provided nutritionally adequate food and, as a result, has suffered weight loss.  Plaintiff originally named as Defendants Grant Harris, Warden of VSM; John Whaley, Assistant Warden of VSM; and Charles Freyder, Chaplain at VSM.  The Court previously dismissed all claims against Mr. Freyder.  (#11)  Defendants Harris and Whaley now have filed a motion for summary judgment.  (#17)

In the motion, the Defendants argue that: (1) they are entitled to qualified immunity; (2) Plaintiff has failed to state a claim for deliberate indifference; (3) Plaintiff has failed to state a conditions-of-confinement claim; and (4) respondeat superior does not apply to § 1983 claims.  Plaintiff has responded to the Defendants' motion.  (#31)

Based upon the evidence presented, the Court recommends that the Defendants' motion (#17) be GRANTED and that Plaintiff's claims be DISMISSED with prejudice.[1]

---

[1] Because Plaintiff has failed to state either a deliberate-indifference or a conditions-of-confinement claim, the Court will not address the Defendants' qualified immunity argument in this recommendation.  In addition, the Court notes that despite being characterized as both a deliberate-indifference and conditions-of-confinement claim, the claim that an individual has been denied a nutritionally adequate diet arises under the prohibition against cruel and unusual punishment contained in the Eighth Amendment.  Although a deliberate-indifference claim requires that Plaintiff establish that the Defendants were aware of a substantial risk of serious harm to Plaintiff and consciously disregarded that risk, *Farmer v. Brennen*, 511 U.S. 825, 832, 114 S.Ct. 1970

**III.     Discussion:**

    A.     Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,*

---

(1994), and a conditions-of-confinement claim requires that Plaintiff establish that he was deprived of a "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981), both require that Plaintiff provide proof of a nutritionally deficient diet. Here, Plaintiff has failed to present any such proof. As a result, the Court does not address these claims separately in this recommendation.

477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    Analysis

Here, Plaintiff claims that he was denied nutritionally adequate food and that Defendants Harris and Whaley, although aware of this situation, failed to act. It is well-settled that under the Eighth Amendment "prisoners have a right to nutritionally adequate food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). In order to establish that a prisoner plaintiff has been denied nutritionally adequate food, he must present some evidence to support this claim. See *Pratt v. Corrections Corp. of America*, 267 Fed. Appx. 482, *1 (8th Cir. 2008) (unpublished per curiam) (inmate plaintiff's vegetarian diet did not violate his eighth amendment rights "as he did not rebut defendants' evidence that meals were nutritionally adequate").

Plaintiff has failed to present any such evidence. In contrast, the Defendants have attached to their motion a document containing the caloric and nutritional information of its Kosher meal plan. (#19-7) Based upon this evidence, it appears that the Kosher meal plan provides approximately 2,620 calories a day, including 107 grams of protein. (#19-7) Because Plaintiff has failed to present any evidence that the Kosher meal plan failed to

4

provide him a nutritionally adequate diet, Plaintiff cannot establish either a deliberate indifference or condition-of-confinement claim as a matter of law.[2]

In addition, Plaintiff has failed to present evidence that he sustained any injury as a result of the alleged nutritional deprivation.  In his Complaint, Plaintiff specifically alleges that "he has been under going a severe weight loss weighing only 150 pounds," (#2 at p.4), but according to Plaintiff's "inmate synopsis" completed at the time Plaintiff entered the ADC, which is attached to the Defendants' motion for summary judgment, in 2005, Plaintiff weighed 144 pounds.  (#19-2)  Accordingly, it appears that Plaintiff has actually gained, rather than lost, weight since his arrival at the ADC.  Plaintiff, again, has failed to present any evidence to the contrary.

C. Respondeat Superior

Plaintiff claims that Defendants Harris and Whaley were aware that he was receiving inadequate nutrition, but failed to remedy the situation.  Although the

---

[2] The Court also notes that when Plaintiff filed a grievance regarding the alleged inadequacies of the Kosher diet, he was informed that only the Unit's Chaplain could have him removed from the Kosher meal plan list.  (#2 at p.8)  In his Complaint, Plaintiff states that he did file a request to be removed from the Kosher diet list.  Although the Defendants provide a memo from the chaplain removing Plaintiff from the Common Fare Meal plan (formerly known as the Kosher diet), that memo is dated August 28, 2008.  (#19-10)  Plaintiff's grievance is dated October 2008 (#2 at p.8), and the Chief Deputy/Deputy/Assistant Director's Decision is dated February 27, 2009.  (#19-10)  Accordingly, it is not clear whether Plaintiff was, in fact, removed from the Kosher diet when requested.  Because Plaintiff has failed to present any evidence that he was denied of a nutritionally inadequate diet while on the Kosher meal plan, however, his claim still fails.

Defendants correctly argue that respondeat superior is not a basis for liability under § 1983, supervisors may be liable when their "corrective inaction amounts to deliberate indifference." *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990). Here, because Plaintiff claims that Defendants were personally aware of his situation and failed to act, he is not attempting to hold these Defendants liable based upon respondeat superior. However, because the Court has determined that Plaintiff has failed to establish a constitutional claim as a matter of law, the Defendants are entitled to summary judgment.

**IV.   Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#17) be GRANTED. Plaintiff's claims should be DISMISSED with prejudice.

DATED this 19th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE